THE STATE OF OHIO, APPELLEE, *v.* ROSEMAN, APPELLANT.

(No. C-800957—Decided October 7, 1981.)

*Mr. Richard A. Castellini,* city solicitor, *Mr. Paul J. Gorman* and *Mr. Stephen D. Madden,* for appellee.

*Mr. H. Fred Hoefle,* for appellant.

*Per Curiam.* Defendant-appellant, Jesse Roseman, appeals from his conviction and sixty-day sentence for two counts of possession of controlled substances. He claims that he was forced to trial without the assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution, and that further errors occurred when the court held, by implication, that he waived this right and when it incarcerated him after a trial without counsel. We find merit in all assignments of error. A recitation of what occurred in the trial court is necessary to an understanding of our ruling.

On the first trial date, defendant moved that his trial counsel, appointed by the public defender, be allowed to withdraw. This motion was granted along with a continuance of twenty-nine days and a warning by the court that defendant would receive no further continuances

and that he would definitely go to trial on the new date, December 3, 1980.

At the subsequent trial date, defendant advised the court that he was not ready to proceed because a second public defender had not been appointed. The court refused to let the defendant make any explanation about why no appointment had been made, peremptorily stating that defendant had had thirty days "to come up with an attorney" and that the absence of counsel was "your fault and no one else's." The court ordered the witnesses to be sworn, and the two charges proceeded to trial.

Two vials of Schedule IV controlled substances had been found on the defendant's person when he was arrested on a traffic capias. His defense was that he had obtained both vials pursuant to valid prescriptions issued to two friends who had asked him to do them this favor. One of the friends testified to this effect and the court acquitted the defendant of the charge relating to illegal possession of that drug. The other friend did not appear because he was ill. The defendant was unable to overcome the evidentiary problem of presenting his defense to the second charge, and he was convicted.

Crim. R. 44 sets forth the procedures whereby an accused person's right to counsel is protected, and subdivision (B) thereof provides, in part, that "* * * no sentence of confinement may be imposed upon * * * [a defendant], unless after being fully advised by the court, he knowingly, intelligently and voluntarily waives assignment of counsel." The record fails to demonstrate a knowing, intelligent and voluntary waiver of counsel. Cf. *State* v. *Gibson* (1976), 45 Ohio St. 2d 366 [74 O.O.2d 525]. The prejudice to defendant is patent on the face of the record.

We reverse the judgment below and remand this case for further proceedings.

*Judgment reversed and case remanded.*

BLACK, P.J., SHANNON and PALMER, JJ., concur.