**In re EAST.** █

[Cite as *In re East* (1995), 105 Ohio App.3d 221.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67955.

Decided July 17, 1995.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *James P. Boyle,* Assistant Prosecuting Attorney, for appellee.

*Patricia Snyder,* for appellant.

JAMES M. PORTER, Judge.

Appellant John East, a minor (age seventeen), appeals from the determination of delinquency by the Juvenile Court arising out of the theft of fishing lures from a K–Mart shopping center. Appellant claims the court violated his statutory right to counsel (R.C. 2151.352) and his constitutional right to counsel under the United States and Ohio Constitutions. We find that appellant waived his right to counsel and that there was no error in the proceedings below and affirm the judgment.

On August 1, 1994, appellant appeared in Cuyahoga County Juvenile Court to be arraigned on juvenile case No. 9409501 for robbery (R.C. 2911.02). Also present in court was defendant's mother and the referee hearing the matter. According to the referee's report, a hearing was conducted and appellant waived his right to counsel and entered an admission to the complaint. The matter was thus continued for disposition until August 16, 1994.

On August 16, 1994, appellant appeared in court with his mother before the judge. On that date, appellant also was appearing for a pretrial on a new charge, assault. According to the prosecutor, appellant waived his right to counsel regarding the assault charge and admitted the charge. The court then went to disposition on the previously admitted charge of robbery. Appellant was remanded to the Ohio Department of Youth Services. From this sentence a timely notice of appeal has been filed.

We will treat appellant's two assignments of error together as they both relate to his right to counsel:

"I. The trial court violated the appellant's statutory right to counsel pursuant to O.R.C. 2151.352.

"II. The trial court violated the appellant's constitutional right to counsel as guaranteed by the Sixth and Fourteenth Amendments of the U.S. Constitution and Article I, Section 10 of the Ohio Constitution."

■■■ Juv.R. 4(A) and 29(B), as well as R.C. 2151.352, entitle a juvenile to be represented by legal counsel at all stages of juvenile court proceedings. We have found no controlling Ohio case law regarding what constitutes a valid waiver of a juvenile's constitutional right to counsel. However, as the United States Supreme Court held in *In re Gault* (1967), 387 U.S. 1, 36, 87 S.Ct. 1428, 1448, 18 L.Ed.2d 527, 551, there is no material difference with respect to the constitutional right to counsel between adult and juvenile proceedings. Therefore, case law regarding an adult's waiver of counsel provides guidance. These cases indicate that an effective waiver of the right to counsel by an adult must be voluntary, knowing and intelligent. *State v. Gibson* (1976), 45 Ohio St.2d 366, 74 O.O.2d 525, 345 N.E.2d 399; *State v. Overholt* (1991), 77 Ohio App.3d 111, 116, 601 N.E.2d 116, 119. The court must fully and clearly explain to defendant his right to counsel and the defendant must then affirmatively waive that right on the record. *Garfield Hts. v. Brewer* (1984), 17 Ohio App.3d 216, 17 OBR 458, 479 N.E.2d 309; *State v. Roseman* (1981), 3 Ohio App.3d 272, 3 OBR 316, 444 N.E.2d 1036; *State v. Kleve* (1981), 2 Ohio App.3d 407, 2 OBR 482, 442 N.E.2d 483.

These principles were applied by the court in *In re Nation* (1989), 61 Ohio App.3d 763, 765, 573 N.E.2d 1155, 1156, in which the court held that an appellant who was a juvenile when she committed the crime, but an adult when the adjudicatory hearing was held before the juvenile court, had a right to counsel which had to be properly waived if not invoked. The court in that case held that the court did not properly advise the appellant of her right to counsel and that the record did not support a knowing waiver. The requirements should be the same when the appellant is a juvenile both when the crime is committed and the hearing conducted.

■■ In the case herein, the appellant, according to the referee's report/journal entry, entered an admission to the theft of the fishing lures and waived his right to counsel. There is no transcript regarding this stage of the proceedings. According to R.C. 2151.35(A), a transcript is not required unless requested:

"A record of all testimony and other oral proceedings in juvenile court shall be made in all proceedings that are held pursuant to section 2151.414 of the Revised Code or in which an order or disposition may be made pursuant to division (A)(4) of section 2151.353 of the Revised Code, and shall be made upon request in any

other proceedings. The record shall be made as provided in section 2301.20 of the Revised Code."

Juv.R. 37(A) likewise states:

"Recording of hearings. In all juvenile court hearings, upon request of a party, or upon the court's own motion, a complete record of all testimony, or other oral proceedings shall be taken in shorthand, stenotype or by any other adequate mechanical or electronic recording device."

No request was made for a transcript of appellant's admission hearing. As this court stated in *Garfield Hts. v. Brewer, supra,* 17 Ohio App.3d at 217, 17 OBR at 459, 479 N.E.2d at 311–312:

"Because courts indulge every reasonable presumption against a waiver of fundamental constitutional rights, *Brewer v. Williams* (1977), 430 U.S. 387 [97 S.Ct. 1232, 51 L.Ed.2d 424]; *Johnson v. Zerbst* (1938), 304 U.S. 458 [58 S.Ct. 1019, 82 L.Ed. 1461], that waiver must affirmatively appear on the record. *State v. Haag* [ (1976), 49 Ohio App.2d 268, 3 O.O.3d 301, 360 N.E.2d 756]; *Cleveland v. Whipkey* (1972), 29 Ohio App.2d 79 [58 O.O.2d 86, 278 N.E.2d 374]. A knowing and intelligent waiver will not be presumed from a silent record. *Carnley v. Cochran* (1962), 369 U.S. 506, 516 [82 S.Ct. 884, 890, 8 L.Ed.2d 70]; *State v. Brinkman* (Feb. 25, 1982), Cuyahoga App. No. 44262, unreported [1982 WL 2363]; *State v. Washington* (Mar. 27, 1980), Cuyahoga App. Nos. 40623 & 40624, unreported."

Although there is no transcript of the admission hearing, the record is not silent regarding appellant's waiver of right to counsel. The referee's report/journal entry and supplemental report both state that appellant was advised of his right to counsel and he chose to waive this right.

We recognize that in *In re Kriak* (1986), 30 Ohio App.3d 83, 30 OBR 140, 506 N.E.2d 556, the court held that a journal entry indicating that the juvenile waived his right to counsel was not adequate to show that the court explained the juvenile's statutory right to counsel and informed him that counsel would be appointed if he was indigent. However, we are reluctant to require a transcript to be made in juvenile proceedings, when the rules explicitly do not require one unless a request is made. Juv.R. 37(A); R.C. 2151.352. Furthermore, the referee's report/journal entry affirmatively states that "[t]he referee explained legal rights, procedures, and possible consequences of hearing pursuant to Juvenile Rule 29" at the same point at which it noted that appellant had waived counsel. This indicates that the referee explained the right to counsel and the right to appointment for indigents.

Although the appellant's mother signed a waiver of counsel form, this does not constitute a waiver of appellant's right to counsel, as no case in Ohio "has

held that a parent can waive the constitutional right of a minor in a Juvenile Court or criminal case." *In re Collins* (1969), 20 Ohio App.2d 319, 322, 49 O.O.2d 448, 450, 253 N.E.2d 824, 827. However, the fact that his mother was present when the waiver took place indicates that the waiver was voluntary and knowing. *In re Rader* (June 17, 1993), Cuyahoga App. No. 62655, unreported, at 10, 1993 WL 215405.

A transcript was made of the disposition hearing. A review of the transcript indicates that the court did not again determine if appellant was waiving his right to counsel. The prosecutor merely told the court that appellant had waived his right to counsel regarding the assault charge. No mention was made regarding the right to counsel on disposition of the theft charge. However, since appellant was advised of his right to counsel and waived it when he entered his admission to the theft charge, it was not necessary for the court to again advise him of his right. We do not address whether the waiver of counsel regarding the assault charge was adequate as it is not the subject of this appeal. Appellant also gave no indication that he wished to revoke his waiver and obtain counsel.

Although R.C. 2151.352 states that a juvenile has a right to counsel at "all stages of the proceedings," it does not state that the court must advise appellant of this right at all stages of the proceedings once appellant has waived the right. In fact, only Juv.R. 29(B)(3) addresses when a court must advise the juvenile of the right, and states that the juvenile must be advised of the right before the adjudicatory hearing. That was done here. It is not necessary that he be similarly advised at every stage of the proceedings.

Based on the above, appellant's assignments of error are overruled.

*Judgment affirmed.*

PATRICIA A. BLACKMON, P.J., and MATIA, J., concur.