## In re ROGERS.

[Cite as *In re Rogers* (1997), 124 Ohio App.3d 392.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18599.

Decided Dec. 10, 1997.

*Maureen O'Connor,* Summit County Prosecuting Attorney, and *Philip Bogda-noff,* Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker,* Ohio Public Defender, and *Felicia Beth Nekritz,* Assistant State Public Defender, for appellant Fawn Rogers.

394

SLABY, Judge.

This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:

Defendant-appellant, Fawn Rogers, a minor, appeals from the proceedings of the Summit County Court of Common Pleas, Juvenile Division, in which she was adjudicated delinquent and sentenced to a minimum period of six months at the Department of Youth Services. Fawn argues that (1) the trial court incorrectly failed to follow the dictates of Juv. R. 29(D) to determine whether her admission was knowing, voluntary and intelligent, and (2) the trial court violated her right to representation by counsel. We reverse and remand.

Fawn was charged with receiving stolen property (a 1985 Chevy Impala) in violation of R.C. 2913.51, a felony of the fourth degree if this crime were committed by an adult. There was also a complaint alleging a probation violation for incorrigible behavior, R.C. 2151.022. On May 9, 1997, Fawn, who was fourteen years old, appeared in juvenile court with her mother for a preliminary hearing. She entered admissions on both offenses, and the magistrate accepted her pleas. At the dispositional hearing on May 14, 1997, the trial court committed Fawn to the Department of Youth Services for a minimum sentence of six months, and a maximum not to exceed her twenty-first birthday.

Fawn brings this appeal, raising the following two assignments of error:

## Assignment of Error I

"The trial court committed reversible error by accepting an admission before determining that the admission was knowing, voluntary and intelligent, in violation of the appellant's due process rights under the Fourteenth Amendment to the United States Constitution, Article One, Section Sixteen of the Ohio Constitution and Juvenile Rule 29."

## Assignment of Error II

"The trial court violated Fawn Rogers' right to counsel and due process under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, Article One, Section Sixteen of the Ohio Constitution, Ohio Revised Code Section 2151.352 and Juvenile Rules 4 and 29."

The appellant claims that the trial court erred by accepting her admission to the charges without conducting a colloquy in order to determine that the admission was knowing, voluntary, and intelligent. She also contends that the trial court never personally addressed her to ascertain a valid waiver of her right to counsel. We find that these arguments have merit.

The rights guaranteed by the Due Process Clause do not apply exclusively to adults. *In re Gault* (1967), 387 U.S. 1, 36, 87 S.Ct. 1428, 1448, 18 L.Ed.2d 527, 551. Special caution must be taken when dealing with juveniles in the justice system because children do not have the life experience that would assist them in making the best decisions to safeguard their personal and constitutional rights. See *id.; In re East* (1995), 105 Ohio App.3d 221, 223, 663 N.E.2d 983, 984–985. When accepting an admission, the court must personally address the party and determine that the admission is voluntary and made with an understanding of the nature of the charges and potential consequences. See Juv.R. 29; *In re Beechler* (1996), 115 Ohio App.3d 567, 685 N.E.2d 1257; *In re William H.* (1995), 105 Ohio App.3d 761, 766, 664 N.E.2d 1361, 1364–1365; *In re Christopher R.* (1995), 101 Ohio App.3d 245, 247–248, 655 N.E.2d 280, 281–282. Where juveniles are not represented, the court has a duty to advise them of the right to counsel and the right to have counsel appointed for those who are indigent. See R.C. 2151.352; Juv.R. 4(A); Juv.R. 29(B)(3) and (5); *In re Agler* (1969), 19 Ohio St.2d 70, 48 O.O.2d 85, 249 N.E.2d 808, paragraph one of the syllabus. The opportunity for independent representation of a minor is important, as parents do not always represent the child's best interests and are sometimes adverse thereto. *Id.* at 78, 48 O.O.2d at 90, 249 N.E.2d at 813.

A review of the record reveals that the trial court failed to fully comply with procedures to ensure that the appellant's rights were safeguarded. The magistrate did not conduct any type of meaningful colloquy with Fawn, either to ensure her complete understanding of her right to counsel or to ensure that she understood the consequences of her plea. Most of the remarks were addressed to Fawn's mother, who was the person who had filed the unruly-child complaint. Most references to Fawn were in the third person, and the magistrate addressed her directly concerning her rights only briefly, almost as an afterthought.

This court has recently held that the record must reflect that a juvenile is clearly made aware of his or her rights and understands any waiver of them. See, *e.g., In re Vinson* (Nov. 5, 1997), Summit App. No. 18112, unreported, at 5, 1997 WL 760695; *In re Rohm* (Apr. 17, 1996), Summit App. No. 17378, unreported, at 2–3, 1996 WL 183032. The minimal exchange reflected by the record in this case was not sufficient to demonstrate that Fawn had an understanding of her rights and her waiver.

Appellant's assignments of error are sustained. The judgment of the trial court is reversed and the cause is remanded.

*Judgment reversed*
*and remanded.*

QUILLIN, P.J., and REECE, J., concur.