DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant Brandon Foster appeals the judgment of the Lorain County Court of Common Pleas, Juvenile Division, adjudicating him a delinquent child by reason of violating R.C.2911.01(A)(1) (aggravated robbery) and R.C. 2905.02(A)(2) (abduction), and sentencing him to one-year of incarceration plus an additional three-year commitment for a gun specification charge. We affirm.
On January 25, 1997, Foster, then 14 years old, walked into a McDonald's restaurant in Elyria, Ohio with two other juveniles. One of the juveniles held a gun to the manager's head and made her open the money drawer. Foster placed the other employees in the crewroom and held them there at knifepoint.
Foster was charged with two counts. Count One alleged a violation of R.C. 2911.01(A)(1) (aggravated robbery), which, if committed by an adult, would be a felony of the first degree. Count Two alleged a violation of R.C. 2905.02(A)(2) (abduction), which, if committed by an adult, would be a felony of the third degree. The complaint also included a gun specification.
A hearing was held and Foster entered admissions to both counts of the complaint. Foster was found to be a delinquent child by reason of having committed aggravated robbery and abduction. Foster was sentenced to a "Permanent Commitment to the Ohio Department of Youth Services for a period of [three] years" on the gun specification, and to a "Permanent Commitment to the Ohio Department of Youth Services for a minimum of [one] year" on the aggravated robbery count, to be served "after [and] consecutive to" the commitment on the gun specification. Foster appeals, assigning three errors.
 I.
Foster's first assignment of error states:
 THE STATE ERRED IN THE PREPARATION AND PRESENTATION OF THE COMPLAINT ON THE JUVENILE BRANDON FOSTER, AND IN REQUESTING THE COURT TO ADJUDICATE AND DISPOSE OF THE INSTANT CASE BASED ON A DEFECTIVE COMPLAINT.
Foster argues that the complaint deprived him of due process by violating Juv.R. 10(B)(1) by failing to set forth the numerical designation of the specification statute with which he was charged. The specification in the complaint read:
 The juvenile during the commission of the offense alleged in Count I of the complaint used, brandished, or clearly indicated possession of a firearm, as defined in section 2923.11 of the Ohio Revised Code.
(Emphasis added.) The specification both stated the elements of the specification set forth in R.C. 2941.145 and used the language required by that provision for stating the specification in a complaint.[1] However, the specification in the complaint against Foster omitted the numerical designation of the specification statute. Juv.R. 10(B)(1) provides in relevant part:
 The complaint, which may be upon information and belief, shall satisfy all of the following requirements:
 (1) State in ordinary and concise language the essential facts that bring the proceeding within the jurisdiction of the court, and in juvenile traffic offense and delinquency proceedings, shall contain the numerical designation or ordinance alleged to have been violated.
Juv.R. 10(B)(1) is similar to Crim.R. 3, which provides in part:
 The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance.
R.C. 2929.14(D)(1)(a)(i) provides:
 [I]f an offender who is convicted of or pleads guilty to a felony also is convicted of or pleads guilty to * * * a specification of the type described in section 2941.145 of the Revised Code that charges the offender with having a firearm on or about the offender's person or under the offender's control while committing the offense and displaying the firearm, brandishing the firearm, indicating that the offender possessed the firearm, or using it to facilitate the offense * * * the court, after imposing a prison term on the offender for the felony * * * shall impose an additional prison term, determined pursuant to this division[.] * * * If the specification is of the type described in section 2941.145 of the Revised Code, the additional prison term shall be three years.
We hold that a complaint that both sets forth the element of the specification with which a juvenile is charged and uses the language required by the specification, but which omits the numerical designation of the statute is not so defective as to require vacating the sentence as to the specification.
There is no question that a juvenile is entitled to constitutional due process. In re Gault (1967), 387 U.S. 1, 13,18 L.Ed.2d 527, 538. The right to due process includes the right to be notified of the charges. Id. 387 U.S. at 33,18 L.Ed.2d at 549. A situation similar to the case before us was addressed by the court of appeals in State v. Mays (1995), 104 Ohio App.3d 241. In Mays, the defendant argued that the trial court was without jurisdiction to find him guilty on his plea of "no contest" because the ordinance that he was charged with violating was misnumbered on the complaint. Id. at 243. The court disagreed, stating that "the misnumbering of the ordinance in the complaint did not deprive the complaint of its essential purpose of notifying Mays of the offense with which he was charged[.]" Id.; see, also, State v. Watson (July 24, 1996), Summit App. No. 17641, unreported, at 9.
The court in Mays, supra, also held that Crim.R. 7(B), which provides that "[e]rror in the numerical designation or omission of the numerical designation shall not be ground for dismissal of the indictment or information, or for reversal of a conviction, if the error or omission did not prejudicially mislead the defendant," also applies to complaints. Mays, supra, at 245.[2] A delinquency complaint need not conform to a "hypertechnical" requirement not required by the function and purpose of a delinquency complaint and not required for an indictment or complaint against an adult." In re Howard (1987), 31 Ohio App.3d 1,3; see, also, In re Sims (1983), 13 Ohio App.3d 37, 43.
We hold that a reasonable, ordinary person would understand that the specification set forth in the complaint against Foster was pursuant to R.C. 2941.145. The complaint referred to the definition of a firearm contained in R.C. 2923.11. There are only four possible specification statutes which refer to that definition. These statutes are: R.C. 2941.141, R.C. 2941.144, R.C. 2941.145, and R.C. 2941.146. Of these four specification statutes, the only one containing nearly the exact language used in the complaint is R.C. 2941.145, which provides for a three-year mandatory prison term.
Foster cannot reasonably claim he was surprised by the court's finding that he was guilty of the specification set forth in R.C. 2941.145 and sentencing him to three years of incarceration. See In re Sims, supra, at 43. Foster's first assignment of error is overruled.
 II.
Foster's second assignment of error states:
 THE JUVENILE BRANDON FOSTER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AS A RESULT OF THE COURT'S APPOINTMENT OF HIS TRIAL COUNSEL.
A juvenile's constitutional rights include the right to counsel. In re Gault, 387 U.S. at 41, 18 L.Ed.2d at 554. This right is recognized in Ohio and is set forth in Juv.R. 4(A) which provides:
 Every party shall have the right to be represented by counsel * * * and every child * * * the right to be appointed counsel if indigent. These rights arise when a person becomes a party to a juvenile court proceeding.
To establish a claim for ineffective assistance of counsel, a defendant must demonstrate: 1) that his attorney's performance fell below an objective standard of reasonable representation; and 2) that he was prejudiced by that performance. State v. Bradley
(1989), 42 Ohio St.3d 136, paragraph two of the syllabus, certiorari denied (1990), 497 U.S. 1011, 111 L.Ed.2d 768. There is no material difference with respect to the constitutional right to counsel between adult and juvenile proceedings, In re East
(1995), 105 Ohio App.3d 221, 223, therefore we will use the two-part test enunciated in Bradley, supra. "[B]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Bradley,supra, at 142, quoting Strickland v. Washington (1984),466 U.S. 668, 689, 80 L.Ed.2d 674, 694.
Foster argues that his trial counsel was ineffective because counsel failed to:
 challenge the Complaint as to specificity, to advise his juvenile "client" of possible interpretations of the Complaint, the possible sentences under the specification as prepared and addressed at the adjudicatory hearing and to clearly determine his understanding, for the record, of the applicable statute being admitted to, and the specific consequences of the admission.
It was reasonable for Foster's counsel to forego seeking clarification of the complaint inasmuch as a reasonable person would have been put on notice of the precise specification with which Foster was charged and the sentence to be imposed pursuant to that specification.
The transcript of the hearing before the magistrate sets forth the following discussion:
 The Magistrate: Brandon, I need to go over these [admission] forms with you, and I understand that you have gone over it with your attorney already, but I need to do it on the record.
 Do you understand that the charges that were filed, the Aggravated Robbery with a Gun Specification and Abduction, Count Two, with a Gun Specification.
Do you understand that?
Brandon Foster: Yes.
 The Magistrate: Have you had ample opportunity to discuss this matter with your family and with your attorney?
Brandon Foster: Yes.
 The Magistrate: Are you satisfied with the representation of [counsel] at this time?
Brandon Foster: Yes.
* * *
 The Magistrate: Those are felony counts. You could be committed to the Department of Youth Services for a period of not less than (1) year, and it could be up to four years with the gun spec.
At this point, counsel objected to the imposition of a mandatory sentence on the firearm specification. The magistrate noted the objection. Foster then admitted to both counts of the complaint. Assuming arguendo that trial counsel somehow acted unreasonably in advising Foster of the consequences of his admissions to the counts in the complaint, and there is nothing in the record to support such an assumption, there is no prejudice to Foster because the magistrate did inform Foster of such consequences before Foster entered the admissions to Counts One and Two.
Because Foster's counsel's representation did not fall below an objective standard of reasonable representation, and because there was no prejudice to Foster, Foster was not denied effective assistance of counsel. Foster's second assignment of error is overruled.
 III.
Foster's third assignment of error states:
 THE TRIAL COURT ERRED IN ISSUING SENTENCE BASED ON JUVENILE'S ADMISSION TO FIREARM SPECIFICATION DESPITE TRIAL COURT'S KNOWLEDGE AND RECOGNITION OF FACTS CONFLICTING WITH THE ELEMENTS OF THE FIREARM SPECIFICATION, AND IN SPITE OF THE COMPLAINT'S FAILURE TO SPECIFICALLY INDICATE THE STATUTE UNDER WHICH SENTENCING WAS REQUESTED.
The trial court, at Foster's dispositional hearing, stated the following:
 I know from having reviewed the police report and the psychological and everything else that you did not permanently [sic] have in your hand a firearm, however, you chose to involve yourself with others that did, and you brandished a knife in part of the sequence of events, and that alone is sufficient enough for me to believe that you should have the same degree of ownership in that act as those that actually pointed guns at lives of other people.
 Therefore, * * * on the offense of Aggravated Robbery on the Gun Specification, I order that you receive a permanent commitment to the Ohio Department of Youth Services for a period of three years[.]
Foster argues that he cannot be found guilty of the gun specification when the trial court acknowledged that Foster did not have a gun. We disagree. An unarmed accomplice who actively participates in a robbery where the victims are held by another accomplice at gunpoint may be subject to a firearm specification and the mandatory commitment time under that specification. Statev. Chapman (1986), 21 Ohio St.3d 41, paragraph one of the syllabus: State v. White (Nov. 15, 1995), Summit App. No. 16900, unreported, at 11-12.
This court recently addressed this very issue in State v. Turner
(May 6, 1998), unreported.
 In [a] 1996 amendment to the revised code, the legislature indicated that a defendant was to receive a * * * three-year sentence of incarceration if he or she brandished or used a firearm during the offense. Compare R.C. 2941.141 and 2941.145. Except for this amendment, the gun specification statute remained basically unchanged. The legislature continued to remain silent on whether these statutes applied to unarmed accomplices. There is no evidence that the 1996 amendment was intended to modify the Chapman judicial interpretation of the law.
 It is well-settled law that an accomplice may be prosecuted and punished as if the accomplice were a principle offender. R.C. 2923.03(F). See Chapman, supra, at 42; State v. Jackson (1993), 90 Ohio App.3d 702, 704. It remains unchanged under the new statute that when a firearm is utilized in the commission of the crime, an unarmed accomplice will be subject to the same enhanced penalties as the principal who actually possessed the firearm and displayed, brandished, or used it to commit the crime.
Id. at 6-7. Moreover, we note that in the case before us, Foster was not an "unarmed" accomplice, but was himself armed with a knife, which is strong evidence of Foster's active participation in the robbery.
On the authority of Chapman and Turner, supra, Foster's third assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ WILLIAM R. BAIRD, FOR THE COURT
SLABY, P. J.
DICKINSON, J., CONCUR
[1] R.C. 2941.145(A) provides in part:
 (A) Imposition of a three-year mandatory prison term upon an offender under Division (D)(1)(a)(i) of section 2929.14 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging the offense specifies that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense. The specification shall be stated at the end of the body of the indictment, count, or information, and shall be stated in substantially the following form:
 "SPECIFICATION. * * * The Grand Jurors (or insert the person's or the prosecuting attorney's name when appropriate) further find and specify that (set forth that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense."
* * *
 (C) As used in this section, "firearm" has the same meaning as in section 2923.11 of the Revised Code.
[2] Moreover, R.C. 2941.05 provides:
 In [a statement] charging an offense, each count shall contain, and is sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such may be made in ordinary and concise language[.] * * * It may be in the words of the section of the Revised Code describing the offense or declaring the matter charged to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is charged.