OPINION
John Mancini, petitioner, has filed a petition for a writ of habeas corpus against respondent, Judge Mary Dunning of the Parma Municipal Court. Petitioner claims (1) respondent was without jurisdiction to sentence him because he never voluntarily waived his right to counsel, and (2) respondent imposed excessive postconviction bail. For the following reasons we dismiss the petition sua sponte.
A review of the petition indicates that petitioner has failed to comply with the requirements of R.C. 2725.04(D) which requires that a copy of the commitment or cause of detention be submitted. In postconviction cases, the attachments must also relate to the claim(s) made in the petition. Brown v. Rogers
(1995), 72 Ohio St.3d 339, 650 N.E.2d 422. Petitioner has attached no orders of the trial court, not even the postconviction order granting bail. Absent compliance with R.C.2725.04 (D), a petition for a writ of habeas corpus will be dismissed. Id.; Bloss v. Rogers (1992), 65 Ohio St.3d 145,602 N.E.2d 602.
In addition, petitioner did not name the person maintaining custody over him and has failed to provide this court with a detailed affidavit in support of his petition as required by Loc.App.R. 45(B)(1)(a). Again, dismissal is warranted. Stateex rel. Rolling v. State of Ohio (Dec. 21, 1998), Cuyahoga App. No. 75696, unreported.
Finally, a writ of habeas corpus will not be allowed if it appears that a petitioner is being held pursuant to the judgment of a court possessing jurisdiction to render such a judgment. R.C. 2725.05. Petitioner's claim that he did not voluntarily waive his right to counsel does not present a jurisdictional challenge to the competency of the court, but rather is an issue which may be raised on appeal. See State v. Roseman (1981),3 Ohio App.3d 272, 444 N.E.2d 1036; State v. Kleve (1981),2 Ohio App.3d 407, 442 N.E.2d 483; State v. Haag (1976),49 Ohio App.2d 268, 360 N.E.2d 756. In fact, petitioner has filed an appeal to this court on March 5, 1999, which is entitled City ofBrooklyn v. Mancini, Cuyahoga App. No. 76126. Habeas corpus cannot be used as a substitute for an appeal. In re Petition of Brown (1990),49 Ohio St.3d 222, 551 N.E.2d 954; Pollock v. Morris (1988),35 Ohio St.3d 117, 518 N.E.2d 1205.
Case dismissed. Costs to petitioner.
MICHAEL J. CORRIGAN
TIMOTHY E. McMONAGLE, P.J., AND BLACKMON, J., CONCUR.