OPINION
The defendant-appellant, Joshua Hernandez ("appellant"), appeals the decision of the Paulding County Court of Common Pleas, Juvenile Division, adjudicating him to be a delinquent child. The appellant was found delinquent on one count of petty theft. For the following reasons, we reverse the judgment of the trial court.
The pertinent facts and procedural history of this case are as follows. On August 4, 1999, a bicycle was reported stolen from a residence in Paulding, Ohio. The bicycle was described as a black mountain bike, manufactured by Huffy. The owner of the bicycle also supplied the police with the bicycle's serial number. Officer Bruns of the Village of Paulding Police Department subsequently found the bike at the house of Kyle Tromblay. When questioned, Tromblay initially stated that he found the bike in front of his house. Later, Tromblay told the officer that he had been with the appellant on August 3, 1999 when the appellant stole the bike.
On August 18, 1999, the appellant was charged with petty theft, in violation of R.C. 2913.02(A)(1). At his initial appearance, on September 14, 1999, the appellant denied the allegations contained in the complaint and an adjudication hearing was scheduled for October 19, 1999. The hearing was held on that day and at the conclusion of the evidence, the appellant was adjudicated delinquent.
It is from this judgment that the appellant now appeals, asserting three assignments of error.
 Assignment of Error No. 1 The trial court erred by accepting appellant's waiver of counsel without proper assurance that the waiver was knowing, intelligent and voluntary.
 Assignment of Error No. 2 The trial court erred by failing to comply with Juvenile Rule 29(B).
 Assignment of Error No. 3 The trial court's finding of delinquency was against the manifest weight of the evidence.
 As the appellant's first two assignments raise substantially the same issue, for the sake of clarity and brevity they will be addressed simultaneously. The appellant alleges that the trial court did not ensure that his waiver of counsel was made knowingly, voluntarily, and intelligently. For the following reasons, we agree.
Juvenile Rule 29 sets forth the guidelines a court must follow when conducting an adjudicatory hearing in juvenile court. Juv.R. 29(B)(3) requires that the court "inform unrepresented parties of their right to counsel and determine if those parties are waiving their right to counsel." When a juvenile waives the right to counsel, the court must determine whether the waiver was made knowingly, intelligently, and voluntarily. In re Griffin
(Sept. 27, 1996), Union App. No. 14-96-14, unreported, citingState v. Wellman (1974), 37 Ohio St.2d 162. The court's inquiry must encompass the totality of the circumstances before the court can be satisfied that the waiver was given knowingly, intelligently and voluntarily. State v. Gibson (1976), 45 Ohio St.2d 366.
In this case, the trial court failed to properly advise the appellant. The record reveals the following exchange between the judge, the appellant's mother, Lisa Ford, and the appellant at the initial hearing.
 THE COURT: Alright, the, as far as an attorney, do you wish to have time to talk to an attorney, Mrs. Ford?
 LISA FORD: No.
 THE COURT: Alright, in other words you want to proceed this morning with this?
 LISA FORD: Yeah.
 THE COURT: Without an attorney. Alright, Joshua, your mother has indicated that she is not going to get you an attorney, have you discussed this with her?
 LISA FORD: You and I have talked about this.
 JOSHUA HERNANDEZ: Yes.
 * * *
 THE COURT: Alright. Your mother has indicated that she is not going to have an attorney for you. Do you understand that Joshua?
 JOSHUA HERNANDEZ: Yes.
 THE COURT: And that is agreeable with you also?
 JOSHUA HERNANDEZ: Yes.
The trial court never informed the appellant that he had a right to counsel. Rather the court informed the appellant that his mother had chosen not to "get an attorney for him." The majority of the court's inquiry was directed at the appellant's mother. Neither the appellant, nor his mother, were notified that upon a showing of indigency, an attorney would be appointed for him. In order to safeguard the juvenile's constitutional right to counsel, the trial court must fully and clearly explain to the defendant his right to counsel and the defendant must then affirmatively waive that right on the record. In re East (1995), 105 Ohio App.3d 221, In re Holman
(Dec. 1, 1998), Crawford App. No. 3-98-19, unreported. That clearly was not done in this matter and the appellant was denied the right to counsel.
Further, Juv.R. 29(B)(5) requires that if a party waives their right to counsel, the court must inform them they have the following rights: "to obtain counsel at any stage of the proceedings, to remain silent, to offer evidence, to cross-examine witnesses, and, upon request, to have a record of all proceedings made, at public expense if indigent."
At the adjudicatory hearing, the trial court informed the appellant that he still had certain rights even though he was proceeding without an attorney. The court advised the appellant of his right to remain silent, the right to offer evidence, the right to cross-examine witnesses, and a right to receive a copy of the record at public expense. Omitted from the court's recitation was the fact that the appellant had the right to obtain counsel at any point in the proceedings. When reviewing the totality of the circumstances in this case, it is clear that the appellant was not properly advised of his right and therefore, his waiver of counsel was not effective. Accordingly, the appellant's first and second assignments are sustained.
The finding above renders the appellant's third assignment of error moot.
Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed.
WALTERS and SHAW, JJ., concur.