OPINION
Appellant, Dawn Taylor, appeals a decision of the Butler County Court of Common Pleas, Juvenile Division (the "juvenile court"), placing her son, Michael Lander ("Michael"), in long term foster care with appellee, Butler County Children's Services Board ("BCCSB").
On March 20, 1997, BCCSB filed a complaint in the juvenile court alleging that Michael was an abused and/or a dependent child.
On May 16, 1997, the court held an adjudicatory hearing. Appellant was present but was not represented by an attorney. By judgment entry filed the same day, the juvenile court found Michael to be a dependent child and granted temporary custody to BCCSB. In October 1998, BCCSB filed a motion to modify temporary custody to long term foster care. The juvenile court held a dispositional hearing on the motion on February 23, 1999. Again, appellant was present but was not represented by an attorney. The juvenile court entered a disposition on March 16, 1999, granting BCCSB's motion for long term foster care. The juvenile court specifically found that appellant had waived her right to be represented at the dispositional hearing. Appellant now appeals, raising the following three assignments of error:
Assignment of Error No. 1:
 There can be no proper adjudication of dependency by agreement of the parties when the record clearly shows that one of the parties is unrepresented by an attorney and the complete and full definition of dependency has not been explained to said unrepresented party. There can be no consent or agreement, unless there is full knowledge of what rights are being waived or effected [sic] by an adjudication and precisely what the allegation is defined as by statute.
Assignment of Error No. 2:
 The Trial Court failed to find the minor child a dependent child by clear and convincing evidence, as required by 2151.414 and 2151.35 of the Revised Code.
Assignment of Error No. 3:
 The Court at all critical hearings failed to advise the Appellant of the advisability of her having counsel, or that one would be appointed if she were indigent, and her need therefor. Merely advising of a right to counsel is not sufficient.
 Appellant's first two assignments of error challenge the juvenile court's May 16, 1997 dependency adjudication. It is well-established that an adjudication by a juvenile court that a child is "neglected" or "dependent" as defined in R.C. Chapter 2151, followed by a disposition awarding temporary custody of the child to a public children services agency constitutes a final appealable order. In re Murray (1990), 52 Ohio St.3d 155, syllabus. Accordingly, the juvenile court's May 16, 1997 judgment entry finding Michael to be dependent and awarding temporary custody to BCCSB was a final appealable order.
In order to initiate an appeal, a party must file a notice of appeal within thirty days of the date of the order or judgment appealed from. App.R. 4(A). Appellant never appealed the juvenile court's May 16, 1997 judgment entry. Having failed to timely appeal, appellant cannot raise in this appeal the issue of the dependency adjudication or the issue of appointment of counsel for her at the adjudicatory hearing. See In re Fox (Sept. 21, 1994), Henry App. No. 7-94-1, unreported; In re Trembley (June 24, 1983), Ashtabula App. No. 1108, unreported. Appellant's first and second assignments of error are therefore overruled.
In her third assignment of error, appellant argues that it was error for the juvenile court to proceed in both the adjudicatory and dispositional hearings "with Appellant representing herselfpro se, without fully advising her of her rights to counsel and her need for counsel, * * * and that one would be appointed without charge, if she qualified." In light of our holding under appellant's first two assignments of error, we decline to address the issue of appellant's right to counsel at the adjudicatory hearing. We, however, address appellant's claim that she should have been represented by an attorney at the dispositional hearing.
At the beginning of the dispositional hearing, the juvenile court engaged in the following brief colloquy with appellant:
 BY THE COURT: Alright. Ms. Taylor are you ready to go forward today on this motion without counsel?
 MS. TAYLOR: Yes.
 BY THE COURT: And you are opposed to the motion for long term foster care. Is that correct?
 MS. TAYLOR: Yes.
 BY THE COURT: Alright. Do you are you going to have witnesses today also?
 MS. TAYLOR: No.
 BY THE COURT: Does Children Services Board want to present their first witness? Do you understand you'll have the right to cross examine any witnesses that testify?
 MS. TAYLOR: Yes.
BY THE COURT: Alright.
 Thereafter, the first witness for BCCSB was sworn and began her testimony.
 Juv.R. 4(A) provides in pertinent part that "[e]very party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis the right to appointed counsel if indigent. These rights shall arise when a person becomes a party to a juvenile court proceeding." "Party" as defined by Juv.R. 2(X) includes "a child who is the subject of a juvenile court proceeding" as well as "the child's parent or parents."
R.C. 2151.352 in part provides that:
 A child [and] his parents * * * [are] entitled to representation by legal counsel at all stages of the proceedings and if, as an indigent person, he [sic] is unable to employ counsel, to have counsel provided for him pursuant to Chapter 120. of the Revised Code. If a party appears without counsel, the court shall ascertain whether he knows of his right to counsel
and of his right to be provided with counsel if he is an indigent person. The court may continue the case to enable a party to obtain counsel or to be represented by the county public defender * * * and shall provide counsel upon request pursuant to Chapter 120. of the Revised Code. (Emphasis added.)
 Juv.R. 4 and R.C. 2151.352 clearly provide parents who are parties to juvenile proceedings with the right to be represented by counsel at all stages of juvenile proceedings. Juv.R. 4(A) and R.C. 2151.352 "go beyond federal and state constitutional requirements to afford parties the right to counsel at all juvenile proceedings, unless such right is intentionally waived." In re Richardson (Aug. 19, 1987), Scioto App. No. 1674, unreported, 1987 Ohio App. LEXIS 8422, at *23. To be effective, a waiver of the right to counsel must be voluntary, knowing and intelligent. State v. Gibson (1976), 45 Ohio St.2d 366, paragraph one of the syllabus. The court must fully and clearly explain the right to counsel, and the right must then be affirmatively waived on the record. In re East
(1995), 105 Ohio App.3d 221, 223. The court's inquiry must encompass the totality of the circumstances before the court can be satisfied that the waiver was given knowingly, intelligently and voluntarily. In re Johnson (1995), 106 Ohio App.3d 38, 41.
In the case at bar, the record clearly shows that the juvenile court never explained to appellant, let alone fully and clearly, her right to counsel at the dispositional hearing. The court merely asked appellant if she was ready to go forward without counsel. Appellant replied she was. Appellant's reply can hardly qualify as an affirmative waiver of her right to counsel. Nor did the juvenile court inquire into appellant's financial status or inform her of her right to appointed counsel if she was indigent. We are unable to determine that the juvenile court's failure to discharge its duty under R.C. 2151.352 was harmless. See In rePrunty (Mar. 1, 1995), Summit App. No. 16952, unreported. We therefore find that the juvenile court's foregoing acts violated Juv.R. 4(A) and R.C. 2151.352.
BCCSB argues, however, that the juvenile court did not need to re-advise appellant of her right to counsel at the dispositional hearing because it had previously advised appellant numerous times of her right to counsel, including at the beginning of the adjudicatory hearing. BCCSB contends that at that hearing, the juvenile court "informed Appellant of her rights and the consequences of waiving those rights[,]" and that appellant "voluntarily and intelligently waived those rights[.]"
Adjudication and disposition are two separate stages in the juvenile process and each serve separate and distinct purposes. The purpose of the adjudicatory hearing is to determine if the juvenile is, inter alia, "neglected or dependent." Juv.R. 2(B). The purpose of the dispositional hearing, on the other hand, is to "determine what action shall be taken concerning a child who is within the jurisdiction of the court * * *." Juv.R. 2(L).
Juv.R. 29(B) requires a juvenile court, at the beginning of an adjudicatory hearing, to inform unrepresented parties of their right to counsel, and to inform unrepresented parties waiving their right to counsel of several rights.[1] Juv.R. 34(A) provides that "[u]pon the request of any party * * *, the court may continue a dispositional hearing * * * to enable a party to obtain or consult counsel."
Based upon Juv.R. 29 and Juv.R. 34(A), several appellate courts have taken the approach that once a party is advised of the right to counsel at the adjudicatory hearing and has waived that right, it is not necessary for the juvenile court to re-advise the party at every stage of the proceedings. See East,105 Ohio App.3d at 225 ("Although R.C. 2151.352 states that a juvenile has a right to counsel `at all stages of the proceedings,' it does not state that the court must advise appellant of his right at all stages of the proceedings once appellant has waived the right. In fact, only Juv.R. 29(B)(3) addresses when a court must advise the juvenile of the right, and states that the juvenile must be advised of the right before the adjudicatory hearing."); In re Griffin (Sept. 27, 1996), Union App. No. 14-96-14, unreported (R.C. 2151.352 does not require court to acquire additional waivers at later stages of proceeding after the right to counsel has been waived and not explicitly revoked; [t]he only time the juvenile rules state the right to counsel must be advised is in an adjudicatory hearing);In re Kopnitsky (Sept. 30, 1999), Mahoning App. No. 96 CA 215, unreported.
In In re Copeland (July 14, 1995), Ashtabula App. No. 94-A-0072, unreported, 1995 Ohio App. LEXIS 2976, the Eleventh Appellate District held that
 While a court, at the commencement of the dispositional hearing, should reiterate the relevant rights enumerated in Juv.R. 29(B), it is not required to do so under the Juvenile Rules, and therefore, an omission of the rights colloquy at that stage does not constitute error so long as the record substantiates compliance with these Juv.R. 29(B) requirements at the commencement of the adjudicatory hearing.
 Id. at *7-8.
We find the approach taken by the Eleventh Appellate District to be the better approach. While Juv.R. 34(A) does not require a trial court to reiterate the rights enumerated in Juv.R. 29(B) at the beginning of a dispositional hearing, we find it is a better practice to reiterate such rights, especially in light of Juv.R. 1(B)(1). That statutory provision provides that the purpose of the juvenile rules is in part "to effect the just determination ofevery juvenile court proceeding by ensuring the parties a fair hearing and the recognition and enforcement of their constitutional and other legal rights." (Emphasis added.)
In the case at bar, the juvenile court started the adjudicatory hearing by asking appellant "* * * we pre-tried this and you're in agreement for this Court to make a finding that he is a dependent child. Is that correct?" After appellant replied affirmatively, the following dialogue ensued:
 BY THE COURT: Do you understand that you're giving up your right to have a hearing in this matter where you would cross examine Children Services witnesses and also be * * * you have a right to be represented by an attorney. And I guess I should address that. You do have the right to be represented by an attorney at any of these hearings, today's hearings * * * and I'll grant you a continuance if you so wish. And in any future hearings, if you so wish. But did you want to be represented by an attorney today?
 MS. TAYLOR: No.
 BY THE COURT: No.? Alright. Anyway, you understand you are giving up your right to cross examine any Children Services witnesses? They'd have to prove beyond a reasonable * * * or by clear and convincing evidence that he is a dependent child?
 MS. TAYLOR: Right.
 BY THE COURT: But you're giving up that right. And you're also giving up the right to present witnesses on your behalf?
 MS. TAYLOR: Yes.
 BY THE COURT: Alright. Alright. And you * * * are doing this of your own free will?
 MS. TAYLOR: Yes.
 BY THE COURT: Has anyone promised you anything in exchange for this agreement?
 MS. TAYLOR: No.
 BY THE COURT: Are you under the influence of alcohol or drugs today?
 MS. TAYLOR: No.
 We find that the juvenile court did not substantially comply with Juv.R. 29(B). The language of Juv.R. 29(B) requires that the juvenile court comply with paragraphs (1) through (5) at the beginning of the adjudicatory hearing. The record clearly shows that the court never clearly informed appellant of the substance of the complaint, the purpose of the hearing, and the possible consequences of the hearing as required by Juv.R. 29(B)(2). Although the court addressed the elements contained in Juv.R. 29(B)(5), it did not fully address the elements contained in Juv.R. 29(B)(3). The record shows that the court informed appellant of her right to counsel, but failed to inquire into any circumstances that would demonstrate that appellant knowingly, intelligently, and voluntarily waived her right to counsel. Nor did the court advise appellant of her right to appointed counsel if she was indigent, or determine whether appellant was indigent.
In light of the foregoing, we find that the juvenile court did not substantially comply with the Juv.R. 29(B) requirements at the beginning of the adjudicatory hearing. Because the record clearly shows the juvenile court's failure to comply with Juv.R. 29(B), we find that the failure of the court to advise appellant of her right to counsel and her right to appointed counsel if she were indigent at the dispositional hearing constitutes reversible error. R.C. 2151.352; Juv.R. 4; In re Copeland, Ashtabula App. No. 94-A-0072, 1995 Ohio App. LEXIS 2976, at *7-8. We therefore hold that the juvenile court violated appellant's statutory right to be represented by counsel at the dispositional hearing. Appellant's third assignment of error is well-taken and sustained.
 __________________ WALSH, J.
POWELL, P.J., and VALEN, J., concur.
[1] Juv.R. 29(B) provides in pertinent part that
 At the beginning of the [adjudicatory] hearing, the court shall do all of the following:
* * *
 (2) Inform the parties of the substance of the complaint, the purpose of the hearing, and possible consequences of the hearing * * *;
 (3) Inform unrepresented parties of their right to counsel and determine if those parties are waiving their right to counsel;
* * *
 (5) Inform any unrepresented party who waives the right to counsel of the right: to obtain counsel at any stage of the proceedings, to remain silent, to offer evidence, to cross-examine witnesses, and, upon request, to have a record of all proceedings made, at public expense if indigent.