JOURNAL ENTRY AND OPINION
{¶ 1} Carmella Vaughters appeals from the judgment of the Cuyahoga County Juvenile Court which found her daughter guilty of violating probation, and committed her to the legal care and custody of the Ohio Department of Youth Services for a minimum term of six months. Vaughters assigns the following as error for our review:
 {¶ 2} "The juvenile court committed reversible error by permittinga waiver of counsel at a probation violation hearing and her admissionthereto involving a minor who had a history of mental health issues whichcompromised her judgmental abilities and where the minor's possibleextent and duration of commitment upon disposition was not fully andcompletely disclosed to her prior to her waiver of counsel."
 {¶ 3} Having reviewed the record and pertinent law, we reverse the judgment of the juvenile court and remand this matter for proceedings consistent with this opinion.
 {¶ 4} The record reflects that on November 2, 2001, the juvenile appeared before the trial court for an alleged probation violation based on her continued use of illegal drugs and her mental health issues. The following colloquy ensued:
 {¶ 5} "THE COURT: All right, the Court at this time wants to advise you that you have a right to an attorney. If you cannot afford an attorney, the Court will appoint an attorney. Do you believe you need an attorney in this matter?
 {¶ 6} "[JUVENILE]: No.
 {¶ 7} "THE COURT: All right, the record can indicate then you've waived counsel. If you change your mind, you let me know so we can recess to give you an opportunity to talk to an attorney. The next thing I'm going to ask you to do is to admit or deny. * * * Do you wish to admit or deny that you're in violation of your probation?
 {¶ 8} "[JUVENILE]: Admit.
 {¶ 9} "* * *
 {¶ 10} "THE COURT: The Court will accept the admission and find you in violation. * * *."
 {¶ 11} On appeal Vaughters argues the trial court failed to secure a valid waiver of counsel prior to accepting the juvenile's admission. We agree.
 {¶ 12} At the outset, we note juveniles have the same functional rights in admissions cases as adult defendants do in guilty plea cases, including the right to counsel.[1] The Ohio legislature has codified this right in R.C. 2151.352, which provides that children are entitled to representation by legal counsel at all stages of juvenile proceedings and, if indigent, to have counsel provided. R.C. 2151.352 also provides the court shall ascertain whether a party appearing without counsel knows of her rights to counsel and to have counsel provided.
 {¶ 13} Further, Juv.R. 4(A) states, "Every person shall have the right to be represented by counsel and every child, * * * the right to appointed counsel if indigent."
 {¶ 14} These rights may be waived provided the waiver is made voluntarily, knowingly, and intelligently.[2]
 {¶ 15} This court has recently considered, under nearly identical circumstances, whether such a process secures a voluntary, knowing, and intelligent waiver of the right to counsel.[3] In each instance the trial court simply informed the juvenile of her rights to counsel and then asked whether she waived those rights. Following the juvenile's affirmative response, the court, without further inquiry or discussion accepted the waiver. In each case, we held the waiver invalid because the trial court failed to ascertain whether the juvenile understood the nature of the rights she would waive.
 {¶ 16} A juvenile's waiver of counsel will not withstand appellate scrutiny unless the court meaningfully attempted to ascertain whether she understood the nature of the rights she would waive.[4]
 {¶ 17} Here, the juvenile appeared without the benefit of counsel. The court informed the juvenile of her rights to counsel, asked if she wished to waive those rights, and then accepted her admission. The trial court failed to engage the juvenile in any meaningful dialogue as to whether she understood the nature of her waiver. Accordingly, the trial court failed to secure a voluntary, knowing, and intelligent waiver of counsel and Vaughter's assigned error has merit.
 {¶ 18} Judgment reversed and cause remanded for proceedings consistent with this opinion.
 {¶ 19} This cause is reversed and remanded.
It is, therefore, considered that said appellant recover of said appellee their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and ANN DYKE, J., CONCUR.
[1] In re Gault (1967), 387 U.S. 1.
[2] In re East (1995), 105 Ohio App.3d 221, 223.
[3] See, e.g., In re Smith (2001), 142 Ohio App.3d 16; In re K.J., Cuyahoga App. Nos. 79612 and 79940, 2002-Ohio-2615.
[4] In re Smith; In re K.J.; In re Johnson (1995),106 Ohio App.3d 38.