DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant appeals a modification of his disposition by the Lucas County Court of Common Pleas, Juvenile Division. Because we conclude that he was denied the right to counsel at post-adjudicative dispositional hearings, we reverse.
 {¶ 2} On October 15, 2005, 14-year-old appellant, Dominique R., had already been adjudicated delinquent and was on community control for a series of burglaries and of the home invasion robbery of an 82-year-old man. On October 15, appellant *Page 2 
participated in a North Toledo riot, during which he set fire to a tavern. The structure burned to the ground.
 {¶ 3} Appellant was adjudicated delinquent for an act which would have constituted aggravated arson, a first-degree felony, if committed by an adult. Following completion of a social history, the court committed appellant to the Ohio Department of Youth Services ("DYS") for a period of from three years until attainment of age 21.
 {¶ 4} On February 23, 2006, however, following a hearing, the court ordered a stay of commitment to DYS and granted a motion from a therapist at the Lucas County Youth Treatment Center ("YTC") that appellant be placed there. The court ordered a review hearing on this decision in 45 days.
 {¶ 5} On May 8, and again on June 29, 2006, the court conducted review hearings on appellant's placement at YTC. At the conclusion of the June 29 hearing, the court ordered that appellant not be returned to YTC, but sent to a local juvenile detention facility pending its determination of disposition. On July 6, 2006, the court ordered appellant's original disposition reinstated and that he be conveyed to DYS. The record of these proceedings show that at no time after his initial disposition was appellant represented by counsel.
 {¶ 6} From the order reinstating appellant's commitment to DYS, appellant now brings this appeal. He sets forth the following three assignments of error:
 {¶ 7} "I. The trial court violated Dominique [R.'s] right to counsel and right to due process under the Fifth, Sixth, andFourteenth Amendments to the United States *Page 3 
Constitution, Article I, Section Sixteen of the Ohio Constitution, R.C.2151.352, Juv. R. 4, and Juv. R. 35.
 {¶ 8} "II. The juvenile court violated Dominique [Rs] right to notice and due process of law as guaranteed by the Fifth, Sixth, andFourteenth Amendments to the United States Constitution; Article I, Sections Ten and Sixteen of the Ohio Constitution; and Juv. R. 35, when it failed to follow requirements of Juv. R. 35.
 {¶ 9} "III. The trial court violated Dominique [R s] right to due process under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Article I, Section 16 [sic] of the Ohio Constitution, Ohio Revised Code 2151.25, Juv. R. 27, 29(F) and 34(3) when it entered disposition outside of Dominic's presence."
 {¶ 10} Absent a knowing, intelligent and voluntary waiver, a juvenile is entitled to legal representation at all stages of juvenile court proceedings. Juv. R. 4; R.C. 2151.352, In re East (1995),105 Ohio App.3d 221, 223. The state essentially concedes this point. Consequently, since the record shows neither the presence of counsel, nor a waiver of counsel at any of the proceedings at issue here, appellant's first assignment of error, in so far as he seeks redress for this omission, is well-taken.
 {¶ 11} To the extent that appellant complains in his first and second assignments of error of irregularities in compliance with Juv. R. 35(B) revocation of probation procedures, the record reveals that appellant was never placed on probation. The court only issued a stay of execution of its order of commitment to DYS. Thus, these proceedings are outside the purview of Juv. R. 35(B). Accordingly, appellant's second assignment or error is not well-taken. *Page 4 
 {¶ 12} Since we have concluded that that appellant must be afforded a new review hearing with counsel present, we need not consider whether a dispositional modification may only be made in the presence of the juvenile. Accordingly, appellant's third assignment of error is moot.
 {¶ 13} On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is reversed. This matter is remanded to said court for further proceedings consistent with this decision. Appellee is ordered to pay costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski P.J., Arlene Singer, J., William J. Skow, J. CONCUR. *Page 1