**In re MONTGOMERY, Appellant.**

[Cite as *In re Montgomery* (1997), 117 Ohio App.3d 696.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69279.

Decided Jan. 21, 1997.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Mark R. Majer*, Assistant Prosecuting Attorney, for appellee.

*James A. Draper*, Cuyahoga County Public Defender, and *Jean Gallagher*, Assistant Public Defender, for appellant.

HARPER, Judge.

Appellant, Jesse Montgomery, a minor, appeals from his adjudication of delinquency and commitment to the Ohio Department of Youth Services. Appellant claims that he is entitled to a new adjudication hearing because the record does not demonstrate that he voluntarily entered, with understanding, an admission. He further asserts that he did not waive his right to representation by

counsel. For the reasons set forth below, we reverse and vacate the admission and commitment and remand.

## I

The following facts are adduced from the record below: On February 1, 1995, a delinquency complaint was filed in the Court of Common Pleas of Cuyahoga County, Juvenile Division. The complaint charged appellant with (1) aggravated trafficking in violation of R.C. 2923.03(A)(2), a felony of the fourth degree, and (2) unlawful possession of criminal tools in violation of R.C. 2923.24(A), a felony of the fourth degree.

On March 16, 1995, an adjudicatory hearing was held before the referee for which there is no transcript. The referee's report and proposed journal entry indicate that appellant was present with his parent. The complaint was read with an explanation of appellant's rights, after which he waived representation by counsel and admitted to the charges. The referee made a temporary recommendation, pending a hearing, that appellant be referred to home detention.

The dispositional hearing was held on May 5, 1995. The trial court accepted the referee's recommendation. According to the journal entry, appellant was present, along with his mother and his counsel. During the hearing, appellant's counsel made an oral motion to withdraw the previously entered admission. The trial court informed appellant's counsel that he was to submit his motion in writing and thereafter the court would set the case for an evidentiary hearing on the issue of the withdrawal of appellant's admission. Appellant was committed to the Ohio Department of Youth Services pursuant to R.C. 2151.355(A)(4) for an indefinite term consisting of a minimum period of six months and a maximum period not to exceed appellant's twenty-first birthday.

Appellant raises the following assignment of error for review by this court:

"The judgment adjudicating appellant a delinquent and committing him to the Ohio Department of Youth Services must be reversed where the record does not disclose that he voluntarily and with understanding entered an admission or waived his rights to due process or counsel."

## II

In appellant's sole assignment of error, appellant attacks the trial court's adjudication of delinquency. He submits that his adjudication should be reversed, as a journal entry that states that the juvenile admitted the charges and waived counsel is insufficient when the record fails to disclose that the waiver or admission was done knowingly or voluntarily.

Juv. R. 37[1] pertains to the recording of hearings in the juvenile court and states:

"(A) Recording of Hearings. In all juvenile court hearings, upon request of a party, or upon the court's own motion, a complete record of all testimony, or other oral proceedings shall be taken in shorthand, stenotype or by any other adequate mechanical or electronic recording device.

"(B) Restrictions on Use of Recording or Transcript. No public use shall be made by any person, including a party, of any juvenile court record, including the recording or a transcript thereof of any juvenile court hearing, except in the course of an appeal or as authorized by order of the court."

Juv.R. 29 pertains to adjudicatory hearings during juvenile proceedings and states:

"(B) Advisement and Findings at the Commencement of the Hearing. At the beginning of the hearing, the court shall do all of the following:

"(1) Ascertain whether notice requirements have been complied with and, if not, whether the affected parties waive compliance;

"(2) Inform the parties of the substance of the complaint, the purpose of the hearing, and possible consequences of the hearing, including the possibility that the cause may be transferred to the appropriate adult court under Juv. R. 30 where the complaint alleges that a child fifteen years of age or over is delinquent by conduct that would constitute a felony if committed by an adult;

"(3) Inform unrepresented parties of their right to counsel and determine if those parties are waiving their right to counsel;

"(4) Appoint counsel for any unrepresented party under Juv. R. 4(A) who does not waive the right to counsel;

"(5) Inform any unrepresented party who waives the right to counsel of the right: to obtain counsel at any stage of the proceedings, to remain silent, to offer evidence, to cross-examine witnesses, and, upon request, to have a record of all proceedings made, at public expense if indigent."

---

1. An amendment to Juv.R. 37, effective July 1, 1996, now requires the juvenile court to record proceedings. Subsection (A) of the rule states:

"Records of proceedings. The juvenile court shall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly and delinquent cases; permanent custody cases; and proceedings before magistrates. In all other proceedings governed by these rules, a record shall be made upon request of a party or upon motion of the court. The record shall be taken in shorthand, stenotype, or by any other adequate mechanical, electronic or video recording device."

The Staff Note indicates that the making of a record is mandatory in adjudicatory proceedings, including the receiving of any admissions.

■ The United States Supreme Court has held that juvenile proceedings must comply with the requirements of due process. Due process in a juvenile proceeding must include adequate written notice, advice as to the right to counsel, retained or appointed, confirmation and cross-examination of witnesses, and privilege against self-incrimination. *In re Gault* (1967), 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527. Case law concerning an adult's waiver of counsel can be utilized to determine whether a juvenile has entered a valid waiver of the constitutional right to counsel. An adult's waiver of the right to counsel must be voluntary, knowing and intelligent. *State v. Gibson* (1976), 45 Ohio St.2d 366, 345 N.E.2d 399. The court must fully and clearly explain to defendant his right to counsel, and the defendant must then affirmatively waive that right on record. *Garfield Hts. v. Brewer* (1985), 17 Ohio App.3d 216, 17 OBR 458, 479 N.E.2d 309.

■ At an adjudicatory hearing, prior to accepting an admission, the court's referee must personally address the juvenile defendant and ensure the validity of the waiver. *In re Meyer* (Jan. 15, 1992), Hamilton App. Nos. C–910292 and C–910404, unreported, 1992 WL 5843. A journal entry indicating that a juvenile waived his right to counsel is not adequate to show that the court explained the juvenile's statutory right to counsel and informed him that counsel would be appointed if he was indigent. *In re Kriak* (1986), 30 Ohio App.3d 83, 30 OBR 140, 506 N.E.2d 556.

■ Additionally, a trial court violates Juv.R. 29 when it accepts a juvenile's admission of delinquency when the trial court did not address the juvenile personally to determine if appellant understood the consequences of his admission and the rights waived. *In Re McKenzie* (1995), 102 Ohio App.3d 275, 656 N.E.2d 1377.

■ Juv.R. 40(D)(5) addresses the effect of a referee's report:

"When Effective. The report of a referee shall be effective and binding only when approved and entered as a matter of record by the court. The referee's findings of fact must be sufficient for the court to make an independent analysis of the issues and to apply appropriate rules of law in reaching a judgment order. The court may adopt the referee's recommendations about appropriate conclusions of law and the appropriate resolution of any issues. However, the court shall determine whether there is any error of law or other defect on the face of the referee's report even if no party objects to an error or defect. The court shall enter its own judgment on the issues submitted for action and report by the referee."

The referee's report must contain sufficient facts for the trial court to make the required independent analysis. The court cannot accept the referee's recommendation absent sufficient facts to make an independent analysis. *Sharpe v. Sharpe*

(1993), 85 Ohio App.3d 638, 643, 620 N.E.2d 916, 919, citing *Nolte v. Nolte* (1978), 60 Ohio App.2d 227, 396 N.E.2d 807.

The state cites *In re East* (1995), 105 Ohio App.3d 221, 663 N.E.2d 983, and *In re Parra* (Nov. 22, 1995), Cuyahoga App. No. 68891, unreported, 1995 WL 693146, to support the proposition of law that an appellate court presumes regularity in juvenile proceedings when an appellant waives his right to counsel and enters an admission in the absence of a transcript of the juvenile proceeding. Applying *In re East* and *In re Parra* to the facts of the case *sub judice,* the state submits that this court must presume regularity when the juvenile court adopts a referee's report and a proposed journal entry indicating that a juvenile knowingly and voluntarily waived counsel and entered an admissions. We do not agree with the state's proposition of law.

In the case *sub judice,* the gravamen of appellant's appeal is that the trial court committed reversible error when it adopted a referee's report and proposed journal entry indicating that an indigent juvenile voluntarily waived counsel and knowingly entered admissions at an adjudicatory hearing in the absence of a transcript of the proceedings, and sufficient findings of fact by the referee.

Unlike the factual scenario addressed in *In re East,* the record herein is devoid of a supplemental report of a handwritten or typed notation or statement by the referee to indicate that appellant understood the proceedings or knowingly and intelligently waived counsel and was reasonably informed of the probable consequences of his admission. Furthermore, we do not find *In re Parra* persuasive, as it is an accelerated case with few facts stated in the opinion. Moreover, this court finds that both *In re East* and *In re Parra* are distinguishable from the case herein on the basis of one crucial fact, *i.e.,* appellant, an indigent fourteen-year-old, not only waived counsel at an adjudicatory hearing but also entered an uncounseled admission.

Our review of the record indicates that the referee's report and proposed journal entry consists of one page with boilerplate language and check-off boxes to indicate the proceedings. The journal entry does not reflect that the referee accepted appellant's admission after addressing appellant personally and determining that he understood the nature of the allegations and consequences of his admission. The referee's report and journal entry do not indicate that the state satisfied its burden of showing appellant knowingly and intelligently entered an admission. Finally, the report and journal entry are devoid of evidence to rebut appellant's statement in the dispositional hearing transcript that he did not understand the nature and ramifications of the adjudicatory proceedings.

Given the foregoing facts, this court finds that the trial court did not comply with Juv.R. 4 and 29 when it adopted the referee's report and proposed journal

entry without sufficient findings to enable the trial court to make an independent determination that the indigent juvenile knowingly and intelligently waived legal counsel, knowingly and voluntarily entered an uncounseled admission, was addressed personally, and was apprised of and then understood the ramifications of his admission in the absence of a transcript (or other statement) of the adjudicatory hearings. Juvenile delinquency proceedings are required to comply with the requirements of due process. *In re Gault; In re Kriak; In re McKenzie.*

We are mindful that the amendment to Juv.R. 37, effective July 1, 1996, now requires the juvenile court to record proceedings. This amendment to Juv.R. 37 will, in the future, eliminate this court's obligation to presume regularity in juvenile court proceedings, particularly adjudicatory hearings, by relying on nothing more than a one-page, preprinted form with check-off boxes to evaluate due process protection extended to defendants in juvenile proceedings.

With that said, in the interests of justice, we find that *In re Kriak* is dispositive to the facts of the case *sub judice.* There is nothing in the record to show that the proceedings complied with the requirements of due process. The record does not show that appellant, an indigent fourteen-year-old juvenile, knowingly and intelligently waived his right to counsel. Moreover, we cannot presume that appellant knowingly waived his rights from a record where the referee's report and journal entry do not disclose that appellant voluntarily and with understanding entered an admission. *In re McKenzie.* Given the foregoing, appellant's assignment of error is sustained.

The judgment is reversed and the admission is vacated; the cause is remanded for a new adjudicatory hearing.

> *Judgment reversed*
> *and cause remanded.*

KARPINSKI, J., concurs.

SPELLACY, C.J., dissents.

SPELLACY, Chief Judge, dissenting.

I respectfully dissent. This court held in *In re Adams* (Sept. 12, 1996), Cuyahoga App. No. 69887, unreported, 1996 WL 517642, that a notation in a referee's report was a valid waiver of the constitutional right to counsel. The notation read:

"The complaint was read and the referee explained legal rights, procedures, and possible dispositions pursuant to Juvenile Rule 29. The parties (X) waive ( ) have counsel."

The statement was a sufficient indication of a valid waiver of counsel. The same notation is present in the instant case and, pursuant to *Adams,* constitutes sufficient evidence of a valid waiver of counsel.