DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Justin Kuchta appeals from his adjudication as a delinquent child in the Medina County Court of Common Pleas, Juvenile Division. We affirm.
 I.
On April 22, 1997, a complaint was filed in the juvenile court, alleging that Kuchta was delinquent for having committed crimes that, if committed by an adult, would constitute misuse of a credit card, in violation of R.C. 2913.21(B)(2), and receiving stolen property, in violation of R.C. 2913.51(A). On May 7, 1997, an adjudicatory hearing was held pursuant to Juv.R. 29. The juvenile court's entry relating to that hearing states as follows:
 This matter came on for an adjudicatory hearing on the 7th day of May, 1997. The child was present in Court with his parents Tim and Sue Kuchta, Det. Foraker of the Median Co. Sheriff's Office and Probation Officer, Shayne Anderson.
 The Court explained all rights to the juvenile and right of counsel was waived; at which time the juvenile entered a plea of denial.
 It is therefore ordered that this matter be set for a denial hearing on July 1, 1997 at 9:00 A.M.
A waiver of counsel form was also filed May 7, 1997. The form is signed by Kuchta and his mother; however, the portion stating that the waiver was made "in open Court" is crossed out, and no signature appears in the line designated "Judge/Referee."
A dispositional hearing was held on July 1, 1997. The juvenile court's entry from that hearing reads in relevant part as follows:
 This matter came on for hearing on the 1st day of July, 1997. The child was present in court with his mother and father. The State of Ohio was represented by Anne E. Eisenhower, Assistant Prosecuting Attorney.
 The court addressed the child pursuant to Juvenile Rule 29. The court, being satisfied the child understood his rights, accepted a change of plea to admission.
 The child waived the presentation of evidence, and the court found the child to be a Delinquent Child as to Count I, for MISUSE OF CREDIT CARD; in violation of section 2913.21(B)(2) O.R.C., which would be a felony of the fourth degree if committed by an adult. The court further found the child to be a Delinquent Child as to Count II, for RECEIVING STOLEN PROPERTY; in violation of section 2913.51(A) O.R.C., which would be a misdemeanor of the first degree if committed by an adult.
(Emphasis sic.) The juvenile court then sentenced Kuchta accordingly. Kuchta timely appealed.
After filing his notice of appeal, Kuchta requested a transcript of the proceedings before the juvenile court. The juvenile court responded in a journal entry by stating that "[d]ue to a technical malfunction, there is no usable audio tape of these proceedings, therefore no audio tape of these proceedings can be provided." Kuchta then submitted a proposed statement of the proceedings, pursuant to App.R. 9(C). The State objected to Kuchta's proposed App.R. 9(C) statement and filed a substitute statement. The juvenile court adopted the State's App.R. 9(C) statement, which is the record before this court.
 II.
Kuchta asserts three assignments of error. We address each in turn.
 A. The juvenile court erred in violation of juvenile's right tocounsel under the Due Process Clause of the Fifth andFourteenth Amendments to the United States Constitution,Article One Section Sixteen [sic] of the Ohio Constitution,R.C. 2151.352, Juv.R. 4(A) and Juv.R. 29(B).
 The juvenile court erred by accepting juvenile's admissionwithout determining whether it was made with an understandingof the allegation and the consequence of admission, rendersthe plea not voluntary, knowing and intelligent, in violationof the Due Process Clause of the Fifth andFourteenth Amendments to the United States Constitution and Article 1,Section Sixteen [sic] of the Ohio Constitution and JuvenileRule 29.
We address Kuchta's first and second assignments of error together. In his first assignment of error, Kuchta contends that he did not make a voluntary, knowing, and intelligent waiver of counsel. In the second assignment of error, Kuchta argues that his plea admitting the two charges was not voluntary, knowing, and intelligent. Kuchta's arguments are not well taken.
Under R.C. 2151.352 and Juv.R. 4(A), a juvenile is entitled to representation by counsel at all stages of a delinquency proceeding. Juv.R. 29(B) requires the juvenile court to perform certain duties at the beginning of an adjudicatory hearing, including:
 (2) Inform the parties of the substance of the complaint, the purpose of the hearing, and possible consequences of the hearing, including the possibility that the cause may be transferred to the appropriate adult court under Juv.R. 30 where the complaint alleges that a child fifteen years of age or over is delinquent by conduct that would constitute a felony if committed by an adult;
 (3) Inform unrepresented parties of their right to counsel and determine if those parties are waiving their right to counsel; [and]
 * * * to counsel of the right: to obtain counsel at any stage of the proceedings, to remain silent, to offer evidence, to cross-examine witnesses, and, upon request, to have a record of Inform any unrepresented party who waives the right all proceedings made, at public expense if indigent.
If a juvenile enters an admission, the juvenile court must further comply with Juv.R. 29(D):
 The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 (1) The party is making the admission voluntarily with the understanding of the nature of the allegations and the consequences of the admission;
 The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
A voluntary, knowing, and intelligent waiver of the right to counsel must affirmatively appear on the record. In re Montgomery
(1997), 117 Ohio App.3d 696, 700.
We find that the record shows that both Kuchta's waiver of counsel and his admission to the complaint were made voluntarily, knowingly, and intelligently. The juvenile court's journal entry relating to the waiver of Kuchta's right to counsel states: "The Court explained all rights to the juvenile and right of counsel was waived[.]" The journal entry from the dispositional hearing, wherein Kuchta entered his admission, states in pertinent part: "The court addressed the child pursuant to Juvenile Rule 29. The court, being satisfied the child understood his rights, accepted a change of plea to admission." The App.R. 9(C) statement similarly reads in relevant part:
 Just prior to the [adjudicatory] hearing, [the prosecutor] had explained to [Kuchta] that he had a right to an attorney. [Kuchta] decided that he did not wish to be represented by an attorney in this matter and signed a Waiver of Counsel form. Although he was now eighteen years of age, [Kuchta's] mother signed the waiver form as well. Once in court, Judge Heck acknowledged that [Kuchta] had signed a Waiver of Counsel form. The Judge again advised [Kuchta] of his rights, and directly questioned him concerning whether he still wished to waive his right to counsel. [Kuchta] replied in the affirmative.
* * *
 [At the dispositional hearing,] Judge Heck addressed [Kuchta] pursuant to Juvenile Rule 29. The Judge then acknowledged that [Kuchta] did not have an attorney with him, and inquired as to whether he still wished to proceed without counsel. [Kuchta] then indicated that he still wished to proceed without counsel.
 [Kuchta] then changed his plea, with respect to both charges set forth in the complaint, from denial to one of admission to the charges as alleged. The Court, being satisfied that [Kuchta] understood his rights, accepted his change of plea to admission.
The record demonstrates that the juvenile court personally explained to Kuchta his right to counsel and that Kuchta waived that right. The record further shows that the juvenile court met its obligations under Juv.R. 29 with respect to Kuchta's admission. The first and second assignments of error are overruled.
 B. Juvenile's conviction should be set aside and the chargesdismissed where the totality of the circumstances demonstratethat juvenile court [sic] erred by transmitting the App.R.9(C) statement of the proceedings without hearing and byencouraging and providing the time, place and opportunity forlaw enforcement officer [sic] and a probation officeremployed by the court to provide juvenile with advice as tothe plea juvenile should present to the court, to juvenile'ssevere prejudice and detriment.
In his third assignment of error, Kuchta makes two separate assertions. First, he argues that the juvenile court erred by settling and transmitting the App.R. 9(C) statement without first having a hearing on the matter. Second, Kuchta argues that his convictions were tainted because his probation officer and a law enforcement officer were permitted to counsel Kuchta as to what plea he should have entered. We find these contentions to be without merit.
Under App.R. 9(C), an appellant may prepare a statement of the evidence or proceedings before the trial court to be used as the record in the matter. The appellant's statement must then be served on the appellee. The appellee may then object or propose amendments to the statement as proposed by the appellant. After the filing of the appellee's objections or proposed amendments, "[t]he statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App.R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal." Id.
In the case at bar, the procedure outlined in App.R. 9(C) was followed. Kuchta argues that there should have been a hearing before the statement was settled and approved and that the statement submitted by the juvenile court was inaccurate. However, the rule makes no provision for a hearing before the statement is settled and approved by the trial court. If an appellant believes that errors have been made in the statement as settled and approved by the trial court, the proper recourse is to raise the matter before this court. See App.R. 9(E). Kuchta failed to utilize these procedures. We find no error in the settlement and approval of the App.R. 9(C) statement.
Kuchta also argues that he was prejudiced because his entry of a plea was counseled by his parole officer and a detective of the Medina County Sheriff's Department. The App.R. 9(C) statement discloses the following from the adjudicatory hearing:
 Judge Heck read aloud the two charges set forth in the complaint filed in this matter, and asked [Kuchta] whether he had received a copy of that complaint. [Kuchta] replied in the affirmative. The Judge then informed [Kuchta] of the possible plea alternatives — to enter pleas of "admit" or "deny" to the respective charges. [Kuchta] and his parents were uncertain of which pleas he wished to enter. Judge Heck therefore left the courtroom to allow [Kuchta] time to discuss the matter with his parents, his probation officer, and Detective Foraker. Subsequently, after the Judge had returned to the courtroom and resumed with the hearing, [Kuchta] entered pleas of "deny" to both charges set forth in the complaint.
We find no prejudice in Kuchta's interaction with the detective and the probation officer, because Kuchta entered a denial. The record does not demonstrate any further plea counseling by the detective and the probation officer that resulted in Kuchta's later plea of admission. Accordingly, the third assignment of error is overruled.
 III.
Kuchta's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. ________________________________ DANIEL B. QUILLIN, FOR THE COURT
BAIRD, P. J.
SLABY, J., CONCUR
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)