JOURNAL ENTRY AND OPINION
Appellant, Keelan Baker, claims that Cuyahoga County Juvenile Court Judge Robert A. Ferreri denied him due process of law when the judge limited his right of allocution and sentenced him without his attorney being present. Appellee, State of Ohio, contends that Baker validly waived his right to counsel and exercised his right of allocution. We agree with Baker, reverse and remand.
On March 7, 1996, Baker, then almost 16 years of age, engaged in forced sexual conduct with a 9 year old female. In April 1996, a complaint was filed in Juvenile Court Case No. 9605429 charging him with one count each of rape (1), felonious sexual penetration (2) and gross sexual imposition (3). Because of an error in the residence address, it was not served upon him or his parent until 1997.
On September 14, 1996, Baker, now age 16 years, was found to be in the possession of 0.98 grams of cocaine and a second complaint, filed in November 1996 (Case No. 9614952), charged him with one count of possession of a controlled substance.
In the company of his mother, Baker appeared before Magistrate Charles Wochna on February 10, 1997. The transcript and docket entry indicate that Baker, accompanied by his lawyer, denied the charges in Case No. 9605429. A truncated transcript and journal entry in Case No. 961952 appear to indicate that Baker admitted to the charge, was adjudged delinquent, and referred to the probation department.
On September 10, 1997, a journal entry indicates that, in the company of his mother and attorney, Baker, now 17 years of age, admitted to the charge of rape, count three was nolled and count two not disposed of in Case No. 9605429. Judge Ferreri found him to be delinquent, ordered a sex assessment and home detention. There is no transcript of the proceedings in the record.
On November 17, 1997, Baker, with his mother but not with his lawyer, appeared before Judge Ferreri for a dispositional hearing. The transcript fails to provide any discussion regarding the absence of the lawyer and commences with the judge sentencing Baker to six months at the Ohio Department of Youth Services on the cocaine possession (Case No. 9614952). The judge then noted Baker had violated the order for the sex assessment and found that count three, felonious sexual penetration "which at that time existed, now it no longer exists * * *", to be an allied offense with rape. Baker requested to speak and attempted to explain the reason for not appearing for the sex assessment. Thereafter the judge remanded him to the Ohio Department of Youth Services with a sentence of a minimum term of one year to a maximum term of to age 21 to be served consecutive to the six months sentence for cocaine possession. A line through a box on a pre-printed form journal entry indicates Baker waived counsel at that hearing.
Baker filed appeals on both cases which were then consolidated.
In his first assignment of error, Baker argues the following:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND DENIED APPELLANT DUE PROCESS OF LAW AND THE RIGHT TO COUNSEL BY CONDUCTING A DISPOSITIONAL HEARING IN THE ABSENCE OF APPELLANT'S COUNSEL. SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; ARTICLE I, SECTIONS TEN AND SIXTEEN OF THE OHIO CONSTITUTION; RULE 4, OHIO RULES OF JUVENILE PROCEDURE; ORC 2141.352.
Baker claims that he did not knowingly and intelligently waive his right to counsel at the dispositional hearing. He asserts that the transcript fails to show that the judge advised him of his right to counsel and since he had appointed counsel through out the earlier stages of the proceedings, there should be more to show waiver than just a "check" in the "waived counsel" box of the pre-printed journal entry form.
The state counters that Baker and his mother, in the presence of his counsel, had been advised of his rights at the earlier adjudicatory hearing where he entered his guilty pleas and, therefore, it would be unnecessary for the judge to repeat those rights at the dispositional phase. It does not point to anything in the record to support the claim. It then points out that the pre-printed journal entry forms always show that the judge advises any child appearing before him of the child's rights and Baker specifically chose to waive the presence of his counsel because the "waived counsel" box is checked.
Rules of Juvenile Procedure 4(A) and 29(B), and R.C. 2151.352
provide a juvenile with the right to representation by legal counsel at all stages of juvenile court proceedings. In re East (1995), 105 Ohio App.3d 221, 223, discretionary appeal not allowed (1995), 74 Ohio St.3d 1482. Due process of law also requires that the magistrate or judge advise a minor of the right to counsel in a juvenile proceeding. In re Montgomery (1997),117 Ohio App.3d 696, 700, 691, discretionary appeal not allowed (1997), 78 Ohio St.3d 1490, citing In re Gault (1967),387 U.S. 1, 87.
As with an adult's waiver of the right to counsel, the juvenile's waiver of this right must be voluntarily, knowingly and intelligently made. In re Montgomery, supra; In re East,supra, "The court must fully and clearly explain to defendant his right to counsel, and the defendant must then affirmatively waive that right on record." In re Montgomery, 117 Ohio App.3d at 700.
Before accepting an admission at the adjudicatory stage of the proceedings, the magistrate must personally address the juvenile defendant and ensure the validity of a waiver of counsel. Id. A journal entry consisting of boilerplate language and check-off boxes, without additional evidence, is not adequate to show that the court explained the juvenile's statutory right to counsel and informed the juvenile that counsel would be appointed upon a showing of indigency. Id. at 701-702; see, also, State v. Wellman
(1974), 37 Ohio St.2d 162, paragraph two of the syllabus, holding that a waiver of the Sixth Amendment right of the assistance of counsel will not be presumed by a silent record; rather, the record or other evidence must show that the "accused was offered counsel but intelligently and understandingly rejected the offer."
In addition, it is a violation of Juv.R. 29 to accept an admission of delinquency and not address the juvenile personally to determine whether he or she understands the consequences of such an admission. Id. The failure to advise a juvenile at the dispositional phase of the proceedings of the right to counsel does not violate Juv.R. 29(B), where the record reflects that the juvenile had been advised of the rights enumerated in that rule at the adjudicatory stage of the proceeding, and the juvenile had knowingly and understandably waived his right to counsel on the record at the adjudicatory stage. In re Copeland (July 14, 1995), Ashtabula App. No. 94-A-0072, unreported.
When, however, a defendant has been represented by counsel throughout the course of the proceedings, the subsequent sentence issued without the benefit of the presence of counsel or a waiver thereof is invalid. State v. Nero (Feb. 2, 1998), Cuyahoga App. No. 72226, unreported.
In the present case, Baker had asserted his right to be represented by counsel at the February 10, 1997 hearing, and the magistrate appointed the public defender. Counsel filed a formal appearance on February 11, 1997, and represented Baker at the adjudicatory phase in September 1997. The record does not reveal that Baker discharged counsel, that counsel moved to withdraw his representation, or that the judge approved of either event.[1]
The transcript of the November 10, 1997 also shows that the judge did not advise Baker of his Juv.R. 29(B) rights on the record or that Baker knowingly and intelligently waived his right to counsel. In other words, other than the boilerplate, pre-printed journal entry with the box marked "waived counsel," the record is silent regarding the reason for Baker's appearance without his appointed counsel.
This Court concludes that the dispositional phase of the juvenile proceedings below did not comply with the requirements of Juv.R. 4(A) and 29(B), and R.C. 2151.352. Unless the record or other evidence shows both that the juvenile court has approved the discharge or withdrawal of counsel and that the juvenile has voluntarily, knowingly, and intelligently waived the right to counsel, previously appointed or retained counsel must appear with the juvenile at the dispositional phase of the proceedings. See State v. Wellman (1974), 37 Ohio St.2d 162, paragraph two of the syllabus.
Baker's first assignment of error is sustained. Since this Court's disposition of the first assignment of error renders Baker's second assignment of error moot, it will not address its merits. App. R. 12(A) (1) (b).
Judgment reversed and remanded for further proceedings consistent with this opinion.
It is ordered that the parties shall bear their own costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court, Juvenile Court Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 KENNETH ROCCO, P.J. CONCURS SEPARATELY;
 PATRICIA ANN BLACKMON, J., CONCURS IN JUDGMENT ONLY.
 ________________________ JUDGE ANNE L. KILBANE
[1] Once an accused has asserted the right to appointed counsel upon a proper showing of indigency, the accused is not free to discharge counsel and counsel may not withdraw from representation without approval of the court. E.g., State v.Coleman (1988), 37 Ohio St.3d 286, paragraph four of the syllabus, certiorari denied 488 U.S. 900; State v. Henness
(1997), 79 Ohio St.3d 53, 65, certiorari denied ___ U.S. ___,119 S.Ct. 146; State v. Keenan (1998), 81 Ohio St.3d 133, 138.