[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Latoya Mason (appellant), a minor, appeals from her adjudication as a delinquent child and her commitment to the custody of the Ohio Department of Youth Services as entered by the Cuyahoga County Court of Common Pleas, Juvenile Division. Appellant alleges that the trial court failed to comply with the Juvenile Rules and violated her constitutional rights to both Due Process and counsel. As the trial court failed to make a record as mandated by Juv.R. 37(A), we find the within appeal to have merit, reverse appellant's adjudication and her commitment, and remand the matter for a new adjudicatory hearing.
The record demonstrates that on December 10, 1998, a complaint was lodged against appellant alleging her to be a delinquent child alleging that she knowingly caused or attempted to cause physical harm to a victim, age 15, by means of a deadly weapon or dangerous ordnance; to wit: a razor blade. This offense is defined by R.C.2923.11(A)(2) as felonious assault and, if committed by an adult, would be a felony of the second degree.
On April 8, 1999, appellant's adjudicatory hearing was held before a magistrate for which only a partial transcript exists in the record. The magistrate's recommendations, as approved by the judge that same day, found appellant to be a delinquent child by entry which indicated inter alia that: (1) the notice requirements were met; (2) the complaint was read in open court; (3) the legal rights and procedures were explained pursuant to Juv.R. 29 and R.C.2151.35; (4) the parties waived counsel; (5) appellant voluntarily admitted the allegations of the complaint; (6) the magistrate accepted such admission; and (7) the allegations of the complaint were proven beyond a reasonable doubt.
On April 28, 1999, appellant's dispositional hearing was held and the court by order filed and journalized on May 11, 1999, upon the report of the magistrate, committed appellant to the care and custody of the Ohio Department of Youth Services for an indefinite term consisting of a minimum period of one year and a maximum not to exceed her twenty-first birthday.
From these orders appellant advances the within appeal and submits three assignments of error for our review.
 I. APPELLANT WAS DENIED HER RIGHT TO COUNSEL IN VIOLATION OF JUV.R. 4 AND JUV.R. 29 TOGETHER WITH OHIO REVISED CODE S2151.352
AND SECTION 16 ARTICLE I OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 II. THE TRIAL COURT ERRED BY ACCEPTING AN ADMISSION WHICH WAS NOT KNOWING, INTELLIGENT AND VOLUNTARY IN VIOLATION OF JUV.R. 29, SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY NOT CONDUCTING A COMPETENCY HEARING ON LATOYA MASON, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION SIXTEEN OF THE OHIO CONSTITUTION.
In her first and second assignments of error, appellant argues that we cannot affirm her waiver of counsel, her waiver of constitutional rights and her admission to a felony delinquency charge where no waiver of counsel form was signed and no record of the proceedings exists sufficient to establish that the court conducted the necessary colloquy with her to ensure that her waivers and admission were knowingly, intelligently and voluntarily given. The state, on the other hand, asserts that the magistrate's hand written notation within the file, coupled with the journal entries, constitutes sufficient evidence to demonstrate that the proceedings complied with the requirements of due process.
Juv.R. 37(A) states:
 The juvenile court shall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly, and delinquent cases; permanent custody cases; and proceedings before magistrates. In all other proceedings governed by these rules, a record shall be made upon request of a party or upon motion of the court. The record shall be taken in shorthand, stenotype, or by any other adequate mechanical, electronic, or video recording device.
Rules of Juvenile Procedure 4(A) and 29(B) and R.C. 2151.352
provide a juvenile with the right to representation by legal counsel at all stages of juvenile court proceedings. In re East (1995), 105 Ohio App.3d 221, discretionary appeal not allowed (1995), 74 Ohio St.3d 1482. Due process of law also requires that the magistrate or judge advise a minor of the right to counsel in a juvenile proceeding. In re Montgomery (1997), 117 Ohio App.3d 696,700, discretionary appeal not allowed (1997), 78 Ohio St.3d 1490, citing In re Gault (1967), 387 U.S. 1, 18 L.Ed.2d 527,87 S.Ct. 1428. As with an adult's waiver of the right to counsel, the juvenile's waiver of this right must be voluntarily, knowingly and intelligently made. In re Montgomery, supra; In re East, supra. "The court must fully and clearly explain to defendant his right to counsel, and the defendant must then affirmatively waive that righton record." In re Montgomery, 117 Ohio App.3d at 700. (Emphasis added.)
Additionally, before accepting an admission at the adjudicatory stage of the proceedings, the magistrate must personally address the juvenile defendant and ensure the validity of a waiver of counsel. Id. A journal entry consisting of boilerplate language, without additional evidence, is not adequate to show that the court explained the juvenile's statutory right to counsel and informed the juvenile that counsel would be appointed upon a showing of indigency. Id. at 701-702; see, also, State v. Wellman (1974), 37 Ohio St.2d 162, paragraph two of the syllabus, holding that a waiver of the Sixth Amendment right of the assistance of counsel will not be presumed by a silent record; rather, the record or other evidence must show that the "accused was offered counsel but intelligently and understandingly rejected the offer." Wellman, supra.
In an adult proceeding even a written waiver signed by the defendant is insufficient to show the defendant knowingly and voluntarily waived his right to counsel. Garfield Heights v. Brewer (1984), 17 Ohio App.3d 216. The United States Constitution mandates that the waiver of counsel affirmatively appears on the record. Id. There is no material difference in the constitutional right to counsel in a juvenile proceeding as in an adult proceeding. In re Gault (1967), 387 U.S. 1, 87 S.Ct. 1428,18 L.Ed.2d 527. Thus, the same rule should apply to a juvenile proceeding now that a transcript of the proceedings is required by Juv.R. 37.
In addition, it is a violation of Juv.R. 29(D) for the court to accept an admission of delinquency and not address the juvenile personally to determine whether he or she understands the nature of the allegations and the consequences of such an admission. Juv.R. 29(D); see, also, In re Keelan Baker (July 1, 1999), Cuyahoga App. Nos. 73867 73868, unreported.
It is undisputed that in this appeal the record of the adjudicatory hearing is incomplete. Although appellant attempted to redress this deficiency of the record by filing an App.R. 9(C) statement, she failed to comply with the requirement of the Appellate Rule to obtain approval of its contents; thus, we cannot consider it. See In re Dikun (Nov. 28, 1997), Trumbull App. No. 96-T-5558.
The incomplete record of the juvenile court proceedings, sub judice, fails to demonstrate that the proceedings complied with the requirements of due process and fails to demonstrate that appellant waived her right to counsel or entered her admission freely, intelligentlyand with an understanding of the charge against her. This court has consistently held that the trial court's failure to follow the requirements of Juv.R. 37 as amended July 1, 1996, mandates reversal. In re Collins (1998), 127 Ohio App.3d 278; In re Ward (June 12, 1997), Cuyahoga App. No. 71245, unreported; In re Solis (Dec. 11, 1997), Cuyahoga App. No. 71625, unreported; In re McAlpine(Dec. 3, 1998), Cuyahoga App. No. 74256, unreported; In re Goff (June 17, 1999), Cuyahoga App. No. 75328, unreported.
Accordingly, as the juvenile court has failed to comply with the mandate of Juv.R. 37 and because the record as it stands before us precludes meaningful appellate review of appellant's waiver of counsel and her admission to the charge, we find appellant's first and second assignments of error are well taken. Appellant's remaining assignment of error is moot. See App.R. 12(A)(2). Th e within matter is reversed and remanded to the trial court for an adjudicatory hearing to be held in compliance with the Juvenile Rules. See In re Collins, supra at 280.
This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE
PATTON, J. and ROCCO, J., CONCUR.