This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Joshua Woolridge has appealed a judgment of the Summit County Court of Common Pleas, Juvenile Division, that adjudicated him a delinquent. This Court affirms.
 I
On or around May 28, 2001, Appellant was involved in an altercation with his mother and stepfather. A complaint was filed on May 29, 2001, charging Appellant as delinquent by reason of criminal damaging in violation of R.C. 2909.06(A)(1), felonious assault in violation of R.C.2903.11(A)(1), domestic violence in violation of R.C. 2919.25(B), and disorderly conduct in violation of R.C. 2917.11(A)(2). Appellant admitted to the charges against him and was found delinquent. A dispositional hearing was held, at which Appellant was committed to the Department of Youth Services for a minimum of one year, with a maximum commitment until Appellant attained the age of twenty-one. Appellant has appealed the decision, asserting two assignments of error. Appellant's assignments of error will be considered together for ease of discussion.
 II Assignment of Error Number One The trial court committed plain error and violated [Appellant's] rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution by failing to obtain a plea that was given knowingly, intelligently, and voluntarily.
 Assignment of Error Number Two The trial court failed to obtain a valid waiver of [Appellant's] right to counsel in violation of the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Section 16 of the Ohio Constitution.
Appellant has argued in his first assignment of error that his plea was not made voluntarily, intelligently, or knowingly and therefore, the trial court did not meet the requirements of Juv.R. 29(D). He has asserted that he was never informed of his right to remain silent and that his right against self-incrimination was not preserved. In his second assignment of error Appellant has argued that the trial court failed to obtain a valid waiver of his right to counsel. Appellant has asserted that the trial court erred by allowing him to admit to the charges against him when the trial court knew he wanted to raise a defense.
Juv.R. 29(B) requires that, at the beginning of an adjudicatory hearing, the juvenile court:
 (2) Inform the parties of the substance of the complaint, the purpose of the hearing, and possible consequences of the hearing, including the possibility that the cause may be transferred to the appropriate adult court under Juv.R. 30 where the complaint alleges that a child fifteen years of age or over is delinquent by conduct that would constitute a felony if committed by an adult;
 (3) Inform unrepresented parties of their right to counsel and determine if those parties are waiving their right to counsel;
 (4) Appoint counsel for any unrepresented party under Juv.R. 4(A) who does not waive the right to counsel;
 (5) Inform any unrepresented party who waives the right to counsel of the right: to obtain counsel at any stage of the proceedings, to remain silent, to offer evidence, to cross-examine witnesses, and, upon request, to have a record of all proceedings made, at public expense if indigent.
If a juvenile enters an admission, the juvenile court must further comply with Juv.R. 29(D), which allows the court to refuse to accept an admission and requires the court to determine each of the following:
 (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
"A juvenile court will not be reversed so long as it substantially complies with the strictures of Juv.R. 29." In re Woodson (Mar. 31, 1999), Lorain App. No. 98CA007125, unreported, at 4, citing In reBeechler (1996), 115 Ohio App.3d 567, 572.
In re Gault, (1967), 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527, served as a turning point in the juvenile justice system. In Gault, the United States Supreme Court granted juveniles facing possible commitment many of the constitutional rights at the adjudicatory stage enjoyed by their adult counterparts, including ratification of the right to counsel and appointed counsel if indigent. Id. at 41. Under R.C. 2151.352 and Juv.R. 4(A), a juvenile is entitled to representation by counsel at all stages of a delinquency proceeding. In most proceedings, with the permission of the court, a juvenile may waive the right to counsel. Juv.R. 3. However, before permitting a waiver of counsel, the court has a duty to make an inquiry to determine that the relinquishment is of "a fully known right" and is voluntary, knowingly, and intelligently made. Gault,387 U.S. at 42. A voluntary, knowing, and intelligent waiver of the right to counsel must affirmatively appear on the record. In re Kuchta (Mar. 10, 1999), Medina App. No. 2768-M, unreported, at 5, citing In re Montgomery
(1997), 117 Ohio App.3d 696, 700, appeal not allowed (1997),78 Ohio St.3d 1490.
This Court finds that the record shows that both Appellant's admission to the complaint and his waiver of counsel were made voluntarily, knowingly, and intelligently. The record illustrates that Juv.R. 29 was not violated and that Appellant's constitutional rights were not violated.
The transcripts from the hearings reveal that the trial court followed Juv.R. 29. Under Juv.R. 29(B), the trial court informed Appellant of the complaint filed against him and went through each charge, individually, explaining the charge, the elements involved, and the category of the charge. After each charge was explained, the trial court asked Appellant if he understood the charge, and Appellant consistently answered in the affirmative. The trial court also explained why Appellant was before the Juvenile Court.
Pursuant to Juv.R. 29(B)(2) and (D), the trial court informed Appellant of the possible consequences of being found delinquent or admitting to the delinquency charge, which Appellant said he understood. The trial court also informed Appellant that he had the right to a lawyer, which was a right that he could exercise at any time, and that if he could not afford a lawyer, one would be appointed for him. Appellant stated that he understood his right to counsel, and he did not want a lawyer. The record reveals that the trial court determined that Appellant did not want a lawyer; the record contains Appellant's voluntary, knowing, and intelligent waiver of counsel at both hearings.
The trial court informed Appellant he had the right to remain silent and a right to go to trial to present evidence in his defense. The trial court discussed a possible defense with Appellant, but he decided to admit the charges. Appellant stated he understood his right to go to trial and present a defense. The trial court explained to Appellant that he had the right to cross-examine witnesses and that the prosecution had the burden to show he committed the crimes. Appellant stated that he understood those rights.
The transcripts also show that the trial court complied with Juv.R. 29(D). The record illustrates that Appellant's admission was voluntary and that the trial court explained his rights, the charges, and the consequences of being found delinquent. The record shows that the trial court repeatedly gave Appellant the opportunity to deny the charges and meet with a lawyer, but Appellant wanted to proceed without a lawyer. The record illustrates that the trial court determined that Appellant understood the consequences of entering an admission.
Based on the foregoing, this Court finds that the trial court substantially complied with Juv.R. 29 and did not violate Appellant's constitutional rights. The record reflects that Appellant's admission to the charges was given knowingly, intelligently, and voluntarily and that the trial court obtained a valid waiver of Appellant's right to counsel. Accordingly, both of Appellant's assignments of error are overruled.
 III
Appellant's assignments of error are overruled. The decision of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
SLABY, P.J., BATCHELDER, J. CONCUR